## STATE OF CONNECTICUT *v.* WILLIAM P. SLADE
(AC 26317)

Flynn, C. J., and Gruendel and West, Js.

---

[6] I agree with the majority's analysis of the remaining issues on appeal.

Argued May 26—officially released September 12, 2006

*Donald D. Dakers*, special public defender, for the appellant (defendant).

*Timothy F. Costello*, special deputy assistant state's attorney, with whom, on the brief, were *Walter D. Flanagan*, state's attorney, and *David R. Shannon*, assistant state's attorney, for the appellee (state).

*Opinion*

FLYNN, C. J. The defendant, William P. Slade, appeals from the judgment of conviction, rendered after a jury trial, of carrying a pistol or revolver without a permit in violation of General Statutes § 29-35 (a),[1] possession of a weapon in a motor vehicle in violation of General

---

[1] General Statutes § 29-35 (a) provides in relevant part: "No person shall carry any pistol or revolver upon his or her person, except when such person is within the dwelling house or place of business of such person, without a permit to carry the same issued as provided in section 29-28. . . ."

Statutes § 29-38 (a),[2] criminal possession of a revolver in violation of General Statutes § 53a-217c,[3] possession of drug paraphernalia with intent to use in violation of General Statutes § 21a-267 and possession of narcotics in violation of General Statutes § 21a-279 (a).[4] On appeal, the defendant claims that the trial court improperly denied his motion in limine to preclude testimony regarding the loaded and cocked status of the revolver and the capability of the revolver to operate in a double action mode. We affirm the judgment of the trial court.

The following facts, which the jury reasonably could have found, and procedural history are relevant to our resolution of this appeal. On May 1, 2004, from a second floor window, an off-duty police officer, Detective Luis Ramos, observed the defendant approach a Chevrolet Tahoe parked on the side of a road in Danbury. The defendant then removed a silver colored revolver from either his waistband or pocket, placed the revolver on the passenger side floor of the vehicle through the open passenger side window and walked away. Joseph Staton, the driver of the motor vehicle, covered the revolver with a towel. Ramos notified the police department

[2] General Statutes § 29-38 (a) provides in relevant part: "Any person who knowingly has, in any vehicle owned, operated or occupied by such person, any weapon, any pistol or revolver for which a proper permit has not been issued as provided in section 29-38 . . . shall be fined not more than one thousand dollars or imprisoned not more than five years or both, and the presence of any such weapon, pistol or revolver, or machine gun in any vehicle shall be prima facie evidence of a violation of this section by the owner, operator and each occupant thereof. . . ."

[3] General Statutes § 53a-217c (a) provides in relevant part: "A person is guilty of criminal possession of a pistol or revolver, when such person possesses a pistol or revolver, as defined in section 29-27, and (1) has been convicted of a felony or of a violation of subsection (c) of section 21a-279 or section 53a-58, 53a-61, 53a-61a, 53a-62, 53a-63, 53a-96, 53a-175, 53a-176, 53a-178 or 53a-181d . . . ."

[4] Because the issue on appeal involves the admission of evidence describing the recovered revolver and its relevance to establishing the elements of the weapons offenses, the charges relating to possession of drug paraphernalia with intent to use and possession of narcotics are not affected.

about his observations and initiated communications with Officer Michael Georgoulis, one of the responding officers.

After approximately fifteen to thirty minutes had elapsed, the defendant returned to the parked vehicle and sat in the passenger seat. Staton testified that the defendant, upon entering the vehicle, retrieved the gun from the floor, and then Staton drove the vehicle away. Staton stated that while he was in the vehicle with the defendant and as the police were pursuing the vehicle, the defendant held the revolver in his hand and was "kissing it" with his lips. After following the departing vehicle for a short distance, the responding officers initiated a stop and ordered the defendant and Staton to exit the vehicle. Upon exiting the vehicle, the defendant, who remained in the open passenger side doorway, repeatedly glanced at the floor of the vehicle and then at the officers. Eventually, the defendant approached the officers. The officers conducted a patdown search and found a glass pipe, which typically is used to smoke crack cocaine, and an empty plastic bag.

After the defendant and Staton were detained in police cars, the officers recovered a silver colored, loaded .38 caliber Ruger double action revolver with a barrel of less than twelve inches in length from underneath the front passenger seat of the vehicle. When the officers retrieved the revolver from the vehicle, the hammer on the revolver was pulled back and cocked.

The state charged the defendant with carrying a pistol or revolver without a permit, possession of a weapon in a motor vehicle, criminal possession of a revolver, possession of drug paraphernalia with intent to use and possession of narcotics. On November 8, 2004, the defendant filed a motion in limine to preclude testimony regarding the type of ammunition found in the seized revolver, the capability of the revolver to operate in a

double action mode and the possibility that the revolver was cocked inside the vehicle prior to the motor vehicle stop.

The prosecutor, in arguing against the defendant's motion in limine, incorrectly asserted that the operability of the revolver was an essential element of one of the charges against the defendant, and therefore stated that the evidence about the cocked and loaded status of the revolver was relevant to show that the revolver was operable.[5] The court granted the defendant's motion in limine, in part, after concluding that testimony as to the type of ammunition found in the revolver was irrelevant. However, the court denied the defendant's motion in limine with respect to the evidence of the loaded, cocked and double action status of the revolver. Subsequently, the jury returned a verdict of guilty on all five counts, and the court sentenced the defendant to a total effective term of eleven years imprisonment. This appeal followed. Additional facts will be set forth as necessary.

The defendant's issue on appeal is twofold. First, the defendant argues that the court improperly denied his motion in limine to preclude testimony that the revolver was loaded, the hammer was cocked and the revolver was a double action revolver because this evidence pertains to the operability of the revolver, which was not relevant to establishing the elements of §§ 29-35 (a), 29-38 (a) and 53a-217c. Further, the defendant contends that the prejudicial effect of the evidence outweighed

---

[5] Although the prosecutor incorrectly believed that operability of the revolver was an element of at least one of the charged offenses, we conclude that the court did not abuse its discretion in denying in part the defendant's motion in limine. Despite the prosecutor's remarks in his closing argument that operability was a required element, the court, in its charge to the jury, did not state that the jury had to make a finding as to whether the revolver was operable. The evidence was capable of supporting an inference that the defendant knowingly possessed the revolver in the motor vehicle.

any potential probative value. We conclude that the court's partial denial of the defendant's motion in limine was proper and reflected a sound exercise of discretion.

We first set forth the applicable standard of review. "It is well established that this court affords great deference to a trial court's evidentiary rulings." *State* v. *Efrain M.*, 95 Conn. App. 590, 596, 899 A.2d 50, cert. denied, 279 Conn. 909, 902 A.2d 1069 (2006). "The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . Moreover, evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice." (Internal quotation marks omitted.) *State* v. *Schmidt*, 92 Conn. App. 665, 675, 886 A.2d 854 (2005), cert. denied, 277 Conn. 908, 894 A.2d 989 (2006).

"A party is entitled to offer any relevant evidence to aid the trier of fact in its determination, as long as the evidence is not unfairly prejudicial." (Internal quotation marks omitted.) *State* v. *Marshall*, 87 Conn. App. 592, 601, 867 A.2d 57, cert. denied, 273 Conn. 925, 871 A.2d 1032 (2005). " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is material to the determination of the proceeding more probable or less probable than it would be without the evidence." Conn. Code Evid. § 4-1. "[E]vidence need not exclude all other possibilities [to be relevant]; it is sufficient if it tends to support the conclusion [for which it is offered], even to a slight degree. . . . [T]he fact that evidence is susceptible of different explanations or would support various inferences does not affect its admissibility, although it obviously bears upon its weight. So long as the evidence may reasonably be construed in such a manner that it would be relevant,

it is admissible." (Internal quotation marks omitted.) *State* v. *Booth*, 250 Conn. 611, 645, 737 A.2d 104 (1999), cert. denied sub nom. *Brown* v. *Connecticut*, 529 U.S. 1060, 120 S. Ct. 1568, 146 L. Ed. 2d 471 (2000).

However, relevant evidence may be excluded if the court determines that "its probative value is outweighed by the danger of unfair prejudice . . . ." Conn. Code Evid. § 4-3. "Of course, [a]ll adverse evidence is damaging to one's case, but it is inadmissible only if it creates undue prejudice so that it threatens an injustice were it to be admitted. . . . The test for determining whether evidence is unduly prejudicial is not whether it is damaging to the defendant but whether it will improperly arouse the emotions of the jury." (Internal quotation marks omitted.) *State* v. *Eastwood*, 83 Conn. App. 452, 465, 850 A.2d 234 (2004). Having set forth our standard of review and the applicable legal principles, we now turn to the evidence in question.

The defendant argues that because the state need not prove the operability of a revolver in a prosecution for a violation of § 29-35 (a), § 29-38 (a) or § 53a-217c, the testimony concerning the cocked and loaded status of the revolver was irrelevant. As a preliminary matter, we note that the defendant correctly states that the three weapons charges for which he was convicted do not require that the revolver be operable.[6] However, notwithstanding the defendant's arguments to the contrary, we conclude that the evidence was relevant in

---

[6] See *State* v. *Banks*, 59 Conn. App. 112, 130, 755 A.2d 951 ("[t]here is nothing in . . . § 53a-217c . . . that suggests that the operability of the pistol or revolver is an element of the offense"), cert. denied, 254 Conn. 950, 762 A.2d 904 (2000); *State* v. *Bradley*, 39 Conn. App. 82, 90, 663 A.2d 1100 (1995) ("we note that the defendant incorrectly assumes that operability of a weapon is an element of the crime of carrying a pistol without a permit"), cert. denied, 236 Conn. 901, 670 A.2d 322 (1996); *State* v. *Delossantos*, 211 Conn. 258, 273, 559 A.2d 164 ("[n]othing in § 29-38 remotely suggests that operability of the weapon is an element of the offense"), cert. denied, 493 U.S. 866, 110 S. Ct. 188, 107 L. Ed. 2d 142 (1989).

that it assisted the trier of fact in determining whether the defendant violated §§ 29-35 (a), 29-38 (a) and 53a-217c.

The following additional facts inform our review. In addition to testifying about the cocked and loaded status of the revolver upon its retrieval from the motor vehicle, Georgoulis testified that the Ruger was a double action revolver, capable of operating in either a single action or double action mode.[7] Furthermore, there was expert testimony that when a revolver is in a single action mode, as it was in the present case, with a cocked hammer, fewer pounds of pressure are required to pull the trigger, and as a result of the decreased stability, people typically would not carry a revolver in this position.

This testimony was relevant to establishing that the defendant knowingly had the revolver in the motor vehicle in violation of § 29-38 (a).[8] In a prosecution for a violation of § 29-38 (a), the state has to prove that the defendant had knowledge of the revolver's presence in the vehicle. *State* v. *Watson*, 165 Conn. 577, 596, 345 A.2d 532 (1973), cert. denied, 416 U.S. 960, 94 S. Ct. 1977, 40 L. Ed. 2d 311 (1974). As a result, the evidence of the cocked hammer permitted the trier of fact to make a series of inferences that would assist it in determining whether the essential element of knowledge was satisfied. "It is within the province of the trier of fact to draw reasonable and logical inferences from

---

[7] Georgoulis explained that a revolver in a single action mode is fired after the user manually cocks the hammer and then pulls the trigger. In contrast, a user can fire a double action revolver without manually cocking the hammer because the pulling of the trigger cocks the hammer and releases the hammer.

[8] The state must prove the following elements in a prosecution for a violation of General Statutes § 29-38: "(1) that the defendant owned, operated or occupied the vehicle; (2) that he had a weapon in the vehicle; (3) that he knew the weapon was in the vehicle; and (4) that he had no permit or registration for the weapon." *State* v. *Delossantos*, 211 Conn. 258, 273, 559 A.2d 164, cert. denied, 493 U.S. 866, 110 S. Ct. 188, 107 L. Ed. 2d 142 (1989).

the facts proven, but it may not resort to speculation and conjecture. . . . The jury may base an inference on facts it finds as the result of other inferences." (Citations omitted; internal quotation marks omitted.) *State* v. *Weinberg*, 215 Conn. 231, 255, 575 A.2d 1003, cert. denied, 498 U.S. 967, 111 S. Ct. 430, 112 L. Ed. 2d 413 (1990).

Specifically, after listening to Ramos' testimony about how he observed the defendant remove the revolver from his waistband or pocket and to the expert testimony about the decreased stability of a revolver with a cocked hammer, the jury reasonably could have inferred that the defendant, when he was carrying the revolver on his person, did not have its hammer cocked in a single action mode. Moreover, because the police found the revolver in the vehicle with the hammer cocked, the jury then reasonably could have inferred that the defendant cocked the hammer of the revolver after placing the revolver in the vehicle. Consequently, these reasonable inferences, in conjunction with Staton's testimony about the defendant holding the revolver in the vehicle, are relevant and could have assisted the fact finder in determining that the defendant had knowledge of the revolver's presence in the motor vehicle in violation of § 29-38 (a).

Furthermore, the foregoing inferences also could tend to establish that the defendant violated § 29-35 (a), which prohibits a person from carrying a revolver on his person without a permit.[9] Because § 29-35 (a) does not require proof that the defendant physically moved or transported the revolver; *State* v. *Hopes*, 26 Conn.

---

[9] "A defendant may be found guilty of carrying a pistol or revolver without a permit, in violation of § 29-35, if the state establishes that, at the time in question, the defendant had been carrying a pistol or revolver upon his or her person, without the proper permit, and that the defendant was not within his or her dwelling house or place of business." *State* v. *Knight*, 266 Conn. 658, 667, 835 A.2d 47 (2003).

App. 367, 374, 602 A.2d 23, cert. denied, 221 Conn. 915, 603 A.2d 405 (1992); the inferences tending to demonstrate that the defendant cocked the revolver in the vehicle would show that the defendant carried the revolver in contravention of § 29-35 (a). Moreover, a prosecution for a violation of § 53a-217c requires that the state demonstrate, in part, that the defendant possessed a revolver.[10] Again, the previously stated chain of inferences, stemming from the cocked status of the recovered revolver, could assist the trier of fact in determining that the defendant possessed the revolver by virtue of his exercise of dominion and control over the revolver in violation of § 53a-217c.[11] We conclude, therefore, that the court reasonably could have concluded that the evidence concerning the cocked, loaded and double action status of the revolver was relevant and likely to assist the trier of fact.

Having evaluated the relevance of the disputed evidence, we next turn to the defendant's claim that the court should have excluded the evidence as being unduly prejudicial to him. Specifically, the defendant argues that the testimony concerning the cocked hammer and the loaded revolver improperly aroused the emotions of the jury by raising the inference that the defendant was a violent person prepared to engage in a "shoot-out" with the police.

When the court denied a portion of the defendant's motion in limine, thus permitting testimony relating to the cocked and loaded status of the revolver, the court implicitly found that the probative value of this evidence outweighed any potentially prejudicial effect. See *State v. DeJesus*, 194 Conn. 376, 383, 481 A.2d 1277 (1984) ("[i]mplicit in the court's admission of [the evidence]

---

[10] See footnote 3.

[11] General Statutes § 53a-3 (2) provides: " 'Possess' means to have physical possession or otherwise to exercise dominion or control over tangible property . . . ."

was a finding that their value as evidence outweighed any prejudicial effect they might have had on the jury"). As we have noted previously, the revolver evidence was relevant in that it could assist the trier of fact in determining whether the defendant violated §§ 29-35 (a), 29-38 (a) or 53a-217c, and, thus, the court reasonably could have concluded that the evidence had probative value to establish the required elements of carrying, knowledge or possession of a revolver, respectively. Balanced against the probative value of the evidence, we conclude that any prejudice resulting from the evidence of the loaded and cocked status of the revolver was minimal.

Further, we are guided by the principle that on appeal a court's evidentiary ruling is entitled to every reasonable presumption in its favor and will be overturned only if the defendant can demonstrate a clear abuse of the court's discretion. Consequently, we conclude that the court, in denying a portion of the defendant's motion in limine, did not abuse its discretion because the admission of testimony concerning the revolver was not unduly prejudicial as it did not improperly arouse the emotions of the jury. We conclude that the court's evidentiary ruling reflected a sound exercise of discretion.

The judgment is affirmed.

In this opinion the other judges concurred.